Joel D. Odou
Nevada Bar No. 7468
Analise N. M. Tilton
Nevada Bar No. 13185
Abraham F. Ivie
Nevada Bar No. 15250
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100
Facsimile: 702 251 5405
jodou@wshblaw.com
atilton@wshblaw.com
aivie@wshblaw.com

Attorneys for Knight Transportation, Inc., Knight Refrigerated, LLC, and Kevin Cornish

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| CLYDE MONTERO, an individual, AMY MONTERO, an individual, J.V., an individual, I.V., an individual, and N.V., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., an Arizona corporation, KEVIN CORNISH, an individual, DOES I through XX, and ROE CORPORATIONS 1 through 100, <br><br> Defendants. | Case No. 2:19-cv-02119-RFB-NJK <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |

/ / /

/ / /

/ / /

## STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES

## (FIRST REQUEST)

Pursuant to LR 6-1 and LR 26-4, and for good cause shown, the parties, by and through their respective counsel of record hereby stipulate and agree to and jointly move this Honorable Court for an order to continue discovery by ninety (90) days as indicated below. This is the first stipulation for extension of time to complete discovery.

**A.    DISCOVERY COMPLETED TO DATE**

The parties have completed the following disclosures and discovery:

1. Defendants Knight Transportation, Inc. Knight Refrigerated, LLC and Kevin Cornish served their initial disclosures on January 31, 2020.

2. Defendants Knight Refrigerated, LLC and Kevin Cornish served their first supplemental disclosures on February 5, 2020.

3. Plaintiffs served their initial disclosure on February 14, 2020.

4. Defendants Knight Transportation, Inc. Knight Refrigerated, LLC and Kevin Cornish provided and requested the return of medical and employment authorizations for Plaintiffs Clyde Montero and Amy Montero on March 23, 2020.

5. Defendants Knight Transportation, Inc. Knight Refrigerated, LLC and Kevin Cornish provided and requested the return of medical authorizations for Plaintiffs J.V., I.V., and N.V on March 24, 2020.

**B.    DISCOVERY REMAINING TO BE COMPLETED**

1. Depositions of parties and/or witnesses;
2. Expert disclosures;
3. Depositions of treating physicians,
4. Expert depositions;
5. Written discovery;
6. Disclosure of additional documents;
7. Subpoena/Obtain additional documents as necessary;

/ / /

8. The parties also anticipate that they may need to conduct other forms of discovery, though not specifically delineated herein, and anticipate doing so only on an as-needed basis.

**C.** **REASON FOR REQUEST FOR EXTENSION OF DISCOVERY DEADLINES**

A scheduling order can be modified "for good cause and with the judge's consent." FRCP 16(b)(4). "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." LR AI 6-1 (a). "District courts should generally allow amendments of pre-trial orders when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.'" *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980) (*quoting Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976); *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)). Here, as discussed below, there is no dispute among the parties that an extension would cause any injury or injustice, and that a refusal of extension could prejudice the parties. Additionally, although there may be some inconvenience to the Court, no trial date is currently set and discovery is already ongoing. Therefore, the stipulated request for a modest extension should be granted.

In addition to the discovery that has already taken place as set forth above, the parties have diligently worked to continue to conduct discovery in an effort to complete the same and prepare for trial. Defendants are in the process of serving Plaintiffs with written discovery including numerous authorizations that have already been provided to Plaintiffs' counsel so they may obtain records of Plaintiffs' alleged damages and injuries. Further, the parties will need to be deposed. Such depositions include out of state travel. Specifically, Defendant Kevin Cornish and a representative of Defendant Knight Transportation, Inc. because both are out of state residents. Additionally, due to the current health crisis there will be substantial delays on proceeding with these out of state depositions and obtaining records due to numerous closures and limited work staff.

Further, Defendants will be gathering records from Plaintiffs' medical providers in order to prepare for her deposition, as well as to make determinations as to what experts may be needed, including potentially seeking an examination of Plaintiff. Defendant also intends to take the depositions Plaintiffs' treating and prior medical providers.

Both parties are still in the process of determining what experts they may need for trial. As the parties are continuing to seek information of the circumstances of the accident as well as the nature and extent of Plaintiffs' injury claims, they cannot currently make adequate evaluations of what experts may be needed. If discovery is not extended, they may have to retain and designate additional experts which, upon further ordinary discovery, could be rendered unnecessary. The parties would thereby be unnecessarily be burdened by costs and further expert discovery, which could complicate trial and alternative dispute resolution efforts.

In sum, the parties have diligently conducted discovery and are continuing to work cooperatively to complete the remaining discovery in order to prepare for trial. Good cause exists for modification of the current scheduling order to avoid prejudice to the parties.

**D.    CURRENT SCHEDULE TO COMPLETE REMAINING DISCOVERY:**

| | |
|---|---|
| Motions to Amend or Add Parties: | 03/09/2020 |
| Initial Expert Disclosures: | 04/08/2020 |
| Interim Status Report | 04/08/2020 |
| Rebuttal Expert Disclosure: | 05/08/2020 |
| Close of Discovery: | 06/08/2020 |
| Dispositive Motion Deadline: | 07/08/2020 |
| Joint Pre-Trial Order | 08/06/2020 |

**E.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

| | |
|---|---|
| Motions to Amend or Add Parties: | 03/09/2020 |
| Initial Expert Disclosures: | 07/07/2020 |
| Interim Status Report | 07/07/2020 |
| Rebuttal Expert Disclosure: | 08/06/2020 |
| Close of Discovery: | 09/07/2020 |
| Dispositive Motion Deadline: | 10/06/2020 |
| Joint Pre-Trial Order | 11/04/2020 |

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

**F.     CURRENT TRIAL DATE:**

No trial is yet scheduled in this matter. A joint proposed pretrial order is due on August 6, 2020, or 30 days following this Court's ruling on any dispositive motions, if filed. The parties seek additional time so that the same proposed pretrial order is due November 4, 2020 or 30 days after this Court's ruling on dispositive motions.

**G.     REQUEST NUMBER:**

This is the **first** request for an extension of time to complete discovery.

Wherefore, the parties respectfully request that the Court grant this request to extend the discovery deadlines as outlined above.

**IT IS SO AGREED.**

DATED March 25, 2020                             DATED MARCH 25, 2020

**LADAH LAW FIRM**                               **WOOD, SMITH, HENNING & BERMAN LLP**

*/s/Carl R. Houston*                             */s/ Analise N.M. Tilton*
_____                  _____
RAMZY P. LADAH, ESQ.                             JOEL D. ODOU
Nevada Bar No. 11405                             Nevada Bar No. 7468
CARL. R. HOUSTON                                 ANALISE N.M. TILTON
Nevada Bar No. 11161                             Nevada Bar No. 13185
517 S. Third Street                              ABRAHAM F. IVIE
Las Vegas, Nevada 89101                          Nevada Bar No. 15250
                                                 2881 Business Park Court, Suite 200
*Attorneys for Plaintiffs, Clyde Montero, Amy*   Las Vegas, Nevada 89128-9020
*Montero, J.V., I.V., and N.V*

                                                 *Attorneys for Defendants, Knight Transportation,*
                                                 *Inc., Knight Refrigerated, LLC and Kevin Cornish*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

Case Name: *Montero v. Knight Transportation, Inc., et al.*
Case Number: 2-19-cv-02117-JAD-EJY

## ORDER

Pursuant to stipulation by the parties and for good cause shown, the deadlines and discovery schedule in this case are extended and continued as follows:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Motions to Amend or Add Parties | 03/09/2020 | 03/09/2020 |
| Initial Expert Disclosures | 04/08/2020 | 07/07/2020 |
| Interim Status Report | 04/08/2020 | 07/07/2020 |
| Rebuttal Expert Disclosure | 05/08/2020 | 08/06/2020 |
| Close of Discovery | 06/08/2020 | 09/07/2020 |
| Dispositive Motion Deadline | 07/07/2020 | 10/06/2020 |
| Joint Pre-Trial Order | 08/06/2020 | 11/04/2020 |

**IT IS SO ORDERED.**

Dated: March 26, 2020.

_____
United States Magistrate Judge

Respectfully Submitted By:

*/s/ Analise N.M. Tilton*
_____
JOEL D. ODOU
Nevada Bar No. 7468
ANALISE N.M. TILTON
Nevada Bar No. 13185
ABRAHAM F. IVIE
Nevada Bar No. 15250
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020

*Attorneys for Defendants, Knight Transportation, Inc., Knight Refrigerated, LLC and Kevin Cornish*