UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLYDE MONTERO, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., et al.,<br><br>    Defendant(s). | Case No.: 2:19-cv-02119-RFB-NJK<br><br>**Order**<br><br>[Docket No. 43] |

    Pending before the Court is a stipulation for a third extension of discovery deadlines, which was filed after hours on the discovery cutoff. Docket No. 43. The stipulation is not supported by a specific showing of the reasons for the request and how they meet the applicable standard.[1] Instead, the stipulation states in general terms that more time is needed for discovery. The stipulation further identifies four depositions that are scheduled beyond the current cutoff. The stipulation lastly provides that:

> Additionally, due to the current health crisis there will be substantial delays on proceeding with these depositions. Further, Defendants and Plaintiffs are gathering records from Plaintiffs' medical providers in order to prepare for depositions and supplemental expert evaluation.

*Id.* at 5.

    There are several problems with the showing made. Most notably, vaguely pointing to the existence of the pandemic does not suffice to explain why the current deadlines cannot be met. That is particularly true in asserting that there have been delays with respect to depositions as there

---

[1] A request to extend deadlines requires a showing of good cause, Local Rule 26-3, which turns on whether those deadlines cannot reasonably be met despite the diligence of the party or parties seeking the extension, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

1

are remote means available for taking those depositions that allow the parties to avoid delay. *Swenson v. Geico Cas. Co.*, 336 F.R.D. 206, 210-13 (D. Nev. 2020).[2]  Moreover, the parties have been well aware of the need to take these depositions and the existence of pandemic-related restrictions for months, and no meaningful explanation has been provided why the depositions could not proceed during the discovery period as currently set.

Also problematic is the stipulation's reliance on the assertion that the parties need additional time to gather medical records.  The parties have been making essentially the same representation about collecting medical records for nearly nine months.  *See, e.g.*, Docket No. 38 at 3 (first stipulation for extension filed on March 26, 2020); Docket No. 42 at 3 (second stipulation for extension filed on July 7, 2020).  The key analytical question is whether the current deadline provided an insufficient amount of time to gather these documents notwithstanding the diligent efforts of the parties.  That question is not answered by simply stating that the parties are still gathering documents.

Accordingly, the stipulation for a third extension is **DENIED** without prejudice.  Any renewed stipulation must put meat on the bones of the request by providing meaningful explanation as to why the extended discovery period already allowed was insufficient to complete any remaining discovery.

IT IS SO ORDERED.

Dated: December 9, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] It is also not clear from the stipulation that the parties intend to proceed with these depositions as currently scheduled, as the list of depositions is immediately followed by an assertion that "there will be substantial delays on proceeding with these depositions." Docket No. 43 at 5.